## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCUS LEE GRAHAM, | ) | |
| | ) | |
| **Plaintiff** | ) | |
| v. | ) | **Civil No. 25-1426** |
| | ) | |
| MS. (JANE DOE) KLINK, | ) | |
| Psychologist, and LISA DUNCAN, | ) | |
| Licensed Psychology Member, | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM ORDER

This case has been referred to United States Magistrate Judge Christophers B. Brown for

pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and

Rule 72 of the Local Rules for Magistrate Judges. On March 17, 2026, the Magistrate Judge

issued a Report and Recommendation, ECF No. 20, recommending that the Complaint be

dismissed in accordance with 28 U.S.C. § 1915(e). The Report also recommends that Plaintiff's

accompanying Motion for a Temporary Restraining Order and Motion for a Preliminary

Injunction be denied. Plaintiff, Marcus Lee Graham, was informed that objections to the Report

and Recommendation were due by April 3, 2026. After an extension of time, Mr. Graham timely

filed Objections to the Report and Recommendation on April 1, 2026.[1] ECF No. 22.

The filing of timely objections requires the district judge to "make a de novo

determination of those portions of the report . . . to which objection is made." 28 U.S.C. §

636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3).

Following a de novo review of the relevant pleadings and documents in this case, together with

---

[1] Plaintiff's Objections were erroneously docketed on April 6, 2026, but the Objections were timely mailed on April 1, 2026. *See* ECF No. 22-1.

the Report and Recommendation, and Objections thereto, the Court finds that Plaintiff's Objections do not undermine the recommendation of the Magistrate Judge.

In his Report, the Magistrate Judge recounted Mr. Graham's primary complaint, which is that he is subject to ongoing, non-consensual military neuroscientific experiments that involve the implantation of a device in his mouth, which adversely affects his physical and mental health. He sues two SCI-Fayette psychologists pursuant to the First, Eighth, and Fourteenth Amendments to the United States Constitution. He alleges that an integrated circuit was implanted in his mouth in 2019 at SCI-Somerset, after his left wisdom tooth was extracted. Mr. Graham further alleges that since the integrated circuit was implanted, he has been under continuous, non-consensual experimentation at each of the following institutions: SCI-Somerset, SCI-Houtzdale, SCI-Fayette, SCI-Huntington, and SCI-Greene.

The Magistrate Judge determined that Mr. Graham's allegations are, in part "'irrational and wholly incredible.'" ECF No. 20, at 4 (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). He recommended dismissal of the Complaint with prejudice on the basis that the claims are frivolous pursuant to 28 U.S.C. § 1915(e), and the complaint fails to state a claim upon which relief can be granted.

In his Objections, Mr. Graham states that he recently had two cavities replaced and alleges that during this process the effects of the integrated circuit stopped when the fillings were removed and restarted when the fillings were replaced. ECF No. 22, at ¶¶ 10-12. He alleges that the integrated circuit is now within one of the cavities and is being held in place by the cavity filling. ECF No. 22, at ¶ 14-15. Mr. Graham's asserts these new allegations in his Objections and argues that they support permitting Mr. Graham to amend his complaint. Mr. Graham's new allegations do not affect the Magistrate's ultimate Recommendations, nor do they support

permitting amendment of the complaint. The newly alleged claims are of the same character and quality as the allegations alleged in the complaint. As such, the new allegations are cumulative and would not affect the Magistrate Judge's underlying analysis. For the same reason, the new allegations do not support permitting amendment of the complaint.

Mr. Graham's Objections also do not substantively challenge the analysis. Instead, he appears to generally argue that, historically, case law shows that non-consensual experimentation has been performed by the military on subjects who were unaware they were part of an experiment. Such arguments do not address the allegations of Mr. Graham's complaint or the Magistrate Judge's analysis. Instead, the Objections appear to be Mr. Graham stating his disagreement with the Magistrate Judge's Report and asserting that he has plead facts that state claims upon which relief can be granted. The Objections, however, merely recite the same complaint factual allegations, present potential new allegations, citation to unrelated case law, and the assertion that his claims are not irrational or frivolous.

Upon de novo review of the Complaint, the Report and Recommendation, and Mr. Graham's Objections, the Court concludes that the Objections do not undermine the recommendations of the Magistrate Judge. Mr. Graham's Objections will be overruled, and the Report and Recommendation will be adopted as the Opinion of the Court.

Accordingly, the following order is entered.


AND NOW, this 21st day of April 2026, it is hereby ORDERED as follows:

The Magistrate Judge's Report and Recommendation, ECF No. 20, dated March 17, 2026, is adopted as the Opinion of the Court.

IT IS ORDERED that the Complaint, ECF No. 5, is dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e) and for failure to state a claim upon which relief can be granted. As to whether to grant leave to amend, the Court agrees with the Magistrate Judge's recommendation to deny such leave, as any amendment would be futile for the reasons stated in the Report and Recommendation, and for the additional reason that the alleged new allegations would not alter the analysis and recommendation of dismissal.

IT IS FURTHER ORDERED that Plaintiff's Motion for a Temporary Restraining Order and his Motion for a Preliminary Injunction, ECF No. 7, are denied with prejudice.

The Clerk shall mark this case CLOSED.

_s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Judge

Marcus Lee Graham
HH0105
SCI GREENE
169 PROGRESS DRIVE
WAYNESBURG, PA 15370