**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARCUS LEE GRAHAM,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| v. | ) | **Civil No. 25-1426** |
| | ) | |
| **MS. (JANE DOE) KLINK,** | ) | |
| **Psychologist, and LISA DUNCAN,** | ) | |
| **Licensed Psychology Member,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### Order On Motion To Amend The Judgment Under Fed. R. C. Rule 59(e)

Presently before the Court is Plaintiff, Marcus Lee Graham's, Motion to Amend the Judgment Under Fed. R. C. Rule 59(e). ECF No. 27. The Motion, however, does not seek to alter or amend the judgment. Instead, Mr. Graham requests that the Court completely set aside its Judgment Order and Order adopting the Report and Recommendation; reinstate, and grant, his Motion for Preliminary Injunction/Temporary Restraining Order; grant him leave to amend his complaint; and appoint counsel to represent him. ECF No. 27, at 5. Mr. Graham's requested relief demonstrates that he is seeking Reconsideration of the Court's decisions dismissing his complaint with prejudice, denying his motions for injunctive relief and denying his motion to amend his complaint.

A motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). "Mere dissatisfaction with a court's ruling is not a proper basis for reconsideration." *Prusky v. Phoenix Life Ins. Co.*, 2003 WL 22597610, *2 (E.D. Pa. Nov 04, 2003), citing *Glendon*

*Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D.Pa.1993). "Motions for reconsideration are not to be used to reargue or relitigate matters already decided." *Haymond v. Lundy*, 205 F. Supp.2d 390, 395 (E.D. Pa. 2002).

Mr. Graham appears to base his reconsideration request upon a need to correct clear errors of law and fact. ECF No. 27, at ¶¶ 1-7 (citing cases indicating that non-consensual experimentation has been performed by the United States military); and ¶¶ 8, 11-15 (alleging factual information in support of his complaint). on subjects the Court overlooked material facts and misapprehended controlling law"). However, Mr. Graham is reasserting the same arguments and evidence already presented to the Court. The Court considered Mr. Graham's case citations indicating that nonconsensual military experimentation has occurred in the past. The Court concluded that such citations did not affect the determination in Mr. Graham's case. The Court also considered Mr. Graham's Declaration regarding his recent dental work to replace two cavities, at which an integrated circuit was allegedly reinserted. The Court did not overlook any facts and applied applicable law. The Court concludes that Mr. Graham's Motion is an improper attempt "to reargue or relitigate matters already decided." *Haymond*, 205 F. Supp.2d at 395. Accordingly, the Motion will be denied.

AND NOW, this 12th day of May 2026, for the reasons set forth above, Marcus Lee Graham's, Motion to Amend the Judgment Under Fed. R. C. Rule 59(e), ECF No. 27, construed as a Motion for Reconsideration, is DENIED.

_s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Judge

2

Marcus Lee Graham
HH0105
SCI GREENE
169 PROGRESS DRIVE
WAYNESBURG, PA 15370